1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  DARYL LAMAR BERRY,

9                          Plaintiff,                    CASE NO. C18-1588 JLR-BAT

10        v.                                              **REPORT AND
                                                          RECOMMENDATION**
11  CATHERINE SHAFFER,

12                          Defendant.

13          Plaintiff, an inmate at Washington State Penitentiary at Walla Walla filed a *pro se* 42

14  U.S.C. § 1983 complaint naming as defendants King County Superior Court Judge Catherine

15  Shaffer, Prosecuting Attorney Lakesha Washington, Governor Jay Inslee, and Paul Ryan,

16  "speaker of the US House." Dkt. 4. The complaint regards plaintiff's 2013 King County

17  Superior Court criminal conviction and sentence, and alleges Judge Shaffer incorrectly added

18  "one point" to plaintiff's sentencing score because he was on community custody, and one point

19  for a 2006 misdemeanor conviction. The complaint also indicates there were no factual findings

20  regarding a "prior assault" and prior bad acts, implying Judge Shaffer erred in making certain

21  evidentiary rulings at trial. Plaintiff claims Judge Shaffer's and Ms. Washington's acts denied

22  him a fair trial and sentence.

23

REPORT AND RECOMMENDATION - 1

The complaint also alleges Governor Inslee and Mr. Ryan are liable "based on [their] supervisory responsibility." The complaint avers Judge Shaffer's sentencing calculation of plaintiff's points was reversed, and requests the Court grant plaintiff a new trial, dismiss the criminal charges with prejudice, and grant money damages. For the reasons below, the Court recommends the complaint be dismissed with prejudice, and that leave to amend be denied because any amendment would be futile.

## DISCUSSION

**A.    Statute of Limitations**

Plaintiff's § 1983 complaint is barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id.*

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Plaintiff claims Judge Shaffer and a deputy prosecuting attorney violated his civil rights. The allegations relate to the defendants' actions during plaintiff's criminal trial in King County case number 13-1-10866-2. Plaintiff has already challenged this conviction and sentence in a

1    habeas corpus petition that he filed in this Court earlier this year. *See Berry v. Holbrook,* 18-502

2    RAJ. This habeas petition alleges plaintiff was convicted in 2013. *Id.* Plaintiff appealed and the

3    state court of appeals affirmed his sentence and remanded the case for resentencing on June 15,

4    2015. *Id.*

5         As evidenced by the habeas petition that plaintiff has pending before the Honorable

6    Richard A. Jones, all of the alleged violations in this case occurred well before the three year

7    limitations period. Plaintiff was aware of the conduct he alleges herein, because they involve

8    conduct at his trial. Because the complaint is barred by the statute of limitations, it should be

9    dismissed with prejudice as untimely.

10   **B.    *Heck* Bar**

11        A § 1983 complaint seeking money damages is barred when a civil judgment in

12   plaintiff's favor would necessarily invalidate a conviction or sentence that has not yet been

13   invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's complaint directly

14   challenges his criminal conviction and sentence. It alleges the trial judge and deputy prosecuting

15   attorney involved in the criminal conviction and sentence violated plaintiff's rights, seeks money

16   damages and asks the Court to "dismiss with prejudice" the criminal conviction and sentence.

17   Plaintiff's conviction and sentence have not been invalidated, as shown by the fact, plaintiff has

18   a habeas corpus petition pending before the Honorable Richard A. Jones, challenging his

19   conviction and the sentence Judge Shaffer imposed. *See Berry v. Holbrook*, 18-502-RAJ.

20   Plaintiff's complaint should accordingly be dismissed as barred under *Heck*.

21   **C.    Judicial and Prosecutorial Immunity**.

22        Plaintiff is also barred from bringing a § 1983 claim for damages against Judge Shaffer

23   because monetary damages against judges are barred by absolute judicial immunity. *Mireles v.*

REPORT AND RECOMMENDATION - 3

*Waco*, 502 U.S. 9, 9–12 (1991); *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Here, plaintiff claims Judge Shaffer did not give him a fair trial and made errors in calculating his sentencing points. These are judicial acts taken within Judge Shaffer's jurisdiction and she is accordingly immune from suit.

Similarly, plaintiff's claim against prosecuting attorney Washington should be dismissal because prosecutors are absolutely immune from liability under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). Here, plaintiff claims Ms. Washington's conduct at trail violated his rights. Ms. Washington is accordingly absolutely immune for such conduct.

**D.    Governor Inslee and Representative Ryan**

The complaint contains nothing showing Governor Inslee and Mr. Ryan were involved in or had any contact with plaintiff's criminal trial and sentence. Instead, it claims these defendants should be "held liable in this action based on [their] supervisory responsibility." A § 1983 action may not be brought against a supervisor on a theory the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim against a supervisor, a complaint must allege facts showing the individual supervisor defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *see also Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Here, Governor Inslee and Mr. Ryan did not participate in or direct Judge Shaffer or Ms. Washington. Sweeping conclusory allegations against an official are insufficient to state a claim for relief. It is simply not enough to claim that "all the defendants" or that a list of defendants violated plaintiff's rights. Rather, the complaint must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The complaint here contains nothing showing the Governor or Mr. Ryan engaged in any act that harmed plaintiff.

In sum, there are multiple reasons to dismiss the complaint. The complaint is untimely and barred by the statute of limitations. The complaint challenges a criminal conviction and sentence, naming defendants who are immune from suit. The complaint also names two defendants who did not participate at all in the case and who are thus not liable. As none of these defects can be cured by amendment, leave to amend the complaint should be denied and the matter should be dismissed at this point.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, limited to eight pages, may be filed no later than **November 16, 2018.** The Clerk should note the matter for **November 16, 2018**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 2nd day of November, 2018.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

REPORT AND RECOMMENDATION - 6